UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RICHARD VINCENT, )
)
          Plaintiff, )
)
v. ) No. 1:04-CV-340
)
UNUMPROVIDENT CORPORATION, *et. al.*, ) Judge Curtis L. Collier
)
          Defendants. )
)

**MEMORANDUM**

Before the Court in this action is Plaintiff Richard Vincent ("Plaintiff")'s Motion for Reconsideration or in the Alternative Motion for Clarification (Court File No. 38). For the following reasons, the Court will **DENY** Plaintiff's Motion.

**I.    RELEVANT FACTS**

This Court denied Plaintiff's motion to Stay the Proceedings (Court File No. 25) and further denied Plaintiff's Motion to Remand (Court File No. 27). Plaintiff's present motion requests this Court to reconsider the Order denying Plaintiff's motion to stay the proceedings (Court File No. 25) to allow Plaintiff an opportunity to conduct discovery into this Court's subject matter jurisdiction. Specifically, Plaintiff alleges the benefit plan at issue is not part of an ERISA plan and claims he is entitled to discovery into the factual question of whether the insurance plan at issue is part of an ERISA plan. Therefore, Plaintiff's motion requests this Court to reconsider its previous Order (Court File No. 25).

## II. DISCUSSION

Plaintiff ask the Court to revisit its previous Order (Court File No. 25). Plaintiff argue such reconsideration is warranted based on an entitlement to conduct discovery into the factual question of whether the insurance policy at issue is part of an ERISA plan. To support this contention, Plaintiff cites *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988)("In the absence of statutory direction the district court has considerable discretion in devising the procedure to inquire into the existence of jurisdiction"). *Gould* goes on to say "a party must be given ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Id.* Finally, Plaintiff references language in *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996), "the existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the view point of a reasonable person." As such, Plaintiff believes he should be presented with an opportunity to conduct discovery into those facts.

Plaintiff bears the burden of persuasion its present motion. Neither *Gould* nor *Thompson* persuades the court to reconsider its previous decision. *Gould* involved subject matter jurisdiction under the Foreign Sovereign Immunities Act. Since *Gould* was not a case dealing with the denial of benefits in an ERISA claim it offers little, if any, guidance in the present case. Further, *Thompson* found the evidence in the record raised a genuine issue of material fact whether employer endorsed the insurance policy, precluding summary judgment for the plaintiff on the issue of whether the policy was governed by ERISA. In the present case, this Court has not conclusively determined Plaintiff's insurance policy is governed by ERISA.

The matter of whether the insurance policy at issue is an ERISA employee welfare benefit

plan will be considered as part of the merits of the claim. As with all ERISA cases, discovery on matters unrelated to bias is strictly limited to the administrative record in the case. *See Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998) ("There can be no dispute that in this circuit, in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator.") (citing *Perry*); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). Discovery is precluded on the threshold question of whether an ERISA plan exists because the administrative record should clearly determine the existence of an ERISA plan.

Plaintiff contends that since the administrative record was unavailable to Plaintiff prior to this Court's denial of the Motion to Stay and the Motion to Remand, this Court should reconsider its previous decision. If the administrative record currently on file in the Clerk's office indicates the insurance policy at issue is not an ERISA plan, the proper time for Plaintiff to raise such an argument is through subsequent briefing and oral argument on the merits of the claim.

### III. CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion for Reconsideration or in the Alternative Motion for Clarification (Court File No. 38).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER, CHIEF**
**UNITED STATES DISTRICT JUDGE**